UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> HANOVER FOODS CORPORATION, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-00909 <br><br> (CONNER, J.) <br> (SAPORITO, M.J.) |

## MEMORANDUM

This matter is before the court on the discovery dispute set forth in Doc. 27; Doc. 31; and Doc. 32 which was referred to us on August 10, 2022. Many of the issues raised in those communications have been resolved in a telephonic discovery conference conducted on August 22, 2022. (Doc. 37). The remaining matters relate to issues regarding the attorney-client privilege. 131 documents were provided to the court for an *in camera* review in late October. We conducted a follow-up telephonic conference with counsel on November 14, 2022, to determine whether the *in camera* review was still necessary in light of the recent substantial document production by the defendant. We were informed that the review is necessary.

## I. Statement of Facts

A detailed recitation of the facts is unnecessary as the parties are familiar with them. The defendant, Hanover Foods Corporation, hired the plaintiff, Craig Adams, in January 2017 as Vice-President of Quality, Research, and Development. He held that position until Hanover terminated his employment in August 2020 for alleged poor performance. The plaintiff brought this action under Title VII and the Americans with Disabilities Act as well as its state counterpart under the Pennsylvania Human Relations Act because of his participation in an Equal Employment Opportunity Commission investigation into gender and disability-based discrimination of a former employee of Hanover named April Richter. Specifically, the plaintiff alleged in the amended complaint that the defendant, Jeff Warehime, the CEO of the defendant Hanover, asked the plaintiff to fire several employees, including April Richter because, in Warehime's opinion, she was not doing a good job. (Doc. 20 ¶ 7). When the plaintiff expressed his dismay about Ms. Richter's termination as well as his participation in the EEOC investigation which followed, he alleges that defendant Warehime began targeting the plaintiff for termination. In addition, the plaintiff has

relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014). When the Court is presented with a motion to compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

### III. Discussion

In the defendants' privilege log and their Doc. 31 submission, the defendants contend that the information requested is protected by the attorney-client privilege as they contain emails to and from defendants' in-house general counsel, Stephanie Kleinfelter. (Doc. 31, at 3). A review of the papers reflects that Ms. Kleinfelter is also the defendant's Vice President of Human Resources. The plaintiff argues that Ms. Kleinfelter is in the email threads, or the emails are written from and/or to her, but

4

they are unrelated to the objective of giving or seeking legal advice. (Doc. 27, at 5).

"Because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991). For the attorney-client privilege to attach to a communication, "it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting *Restatement (Third) of the Law Governing Lawyers* § 68 (2000) [hereinafter, "*Restatement (3d) Lawyers*"]). "'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *Id.* at 359 (citing *Restatement (3d) Lawyers* § 70). "A communication is only privileged if it is made 'in confidence.'" *Id.* at 361 (citing *Restatement (3d) Lawyers* § 68). "[I]f persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach." *Id.* at 361.

"As a general matter, the privilege is not destroyed when a person other than the lawyer is present at a conversation between an attorney and his or her client if that person is needed to make the conference possible or to assist the attorney in providing legal services." *Miller v. Haulmark Transp. Sys.*, 104 F.R.D. 442, 445 (E.D. Pa. 1984). "These exceptions are consistent with the goal underlying the privilege because [this] type of disclosure is sometimes necessary for the client to obtain informed legal advice." *Westinghouse*, 951 F.2d at 1424. "Where a person who happens to be an attorney is not acting in that capacity, the privilege does not attach," and "[c]ommunications between an attorney and client which relate to business rather than legal matters, do not fall within the protection of the attorney-client privilege." *Carhartt, Inc. v. Innovative Textiles, Inc.* 333 F.R.D. 113, 116 (E.D. Mich. 2019) (quoting *Michigan First Credit Union v. Cumis Ins. Soc., Inc.*, 2006 WL 1851018, at *2 (E.D. Mich. July 5, 2006)).

The documents at issue here consist mostly of email messages to and from Ms. Kleinfelter.[1] Our review of the emails where the

---

[1] There is a small group of correspondence and documents (00061 – 00067) from outside counsel to Ms. Kleinfelter which are privileged.

defendants assert a privilege demonstrates that they consist mainly of business communications and not requests for legal advice or legal assistance to the defendant. A fair reading of the emails suggests that the senders to Ms. Kleinfelter: Randall Culp, Vice President Frozen Operations; Gary Knisely, Executive Vice President; and Shannon Wallen, Corporate QA Manager, were providing to Ms. Kleinfelter, either individually and to someone else employed by the defendant, emails to and from the plaintiff or other emails in which the plaintiff was a recipient from either the senders named above or someone else affiliated with the defendants.

In other emails, the senders discussed the various roles the individuals played within each department as well as the business of Hanover. Those emails also contain matters that fell under the umbrella of Ms. Kleinfelter's role as Vice President of Human Resources and not as general counsel as they contained general personnel matters. Where an attorney who also held a position as Senior Vice President of Human Resources Operations and who received requests for advice related to ordinary human resources issues and not legal issues, those communications were not protected by the attorney-client privilege.

*Burke v. Cumulus Media, Inc.*, 2017 WL 2628192, at *2 (E.D. Mich. Mar. 16, 2017).

Nonetheless, the documents Stamped[2] 00042 – 00046, 00049 – 00055, 00062 – 00067, and 00130, consist of documents wherein legal advice is requested or provided and the defendants' objections thereto will be sustained. Eight pages of documents (00034 - 00041) which concern the preservation of records regarding April Richter show the plaintiff listed among the recipients of the emails from Ms. Kleinfelter. Regardless, we will sustain the objection and declare them (00034 - 00041) privileged as they provided legal advice. All the remaining documents consist of emails where the privilege is asserted, but we find that they neither request nor provide legal assistance and those objections will be overruled. Furthermore, some of those emails show the plaintiff as a being copied on them (i.e., 00121 - 00128).

Additionally, without describing the remaining documents specifically by stamped number, there were some objections made by the defendants that the subject documents were not produced because the

---

[2]   The descriptor, "HANOVER_PRIV_" preceded the numbers of each page.

defendants asserted that the requests were outside the scope of the requested documents. Some of those documents are relevant while others may have only tangential relevance to the issues. Nevertheless, we will overrule those objections and direct that they be produced under the liberal discovery policy of the Federal Rules of Civil Procedure.

An appropriate order follows.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: November 18, 2022